## WHITE v. TINSLEY.
### No. 14879.

Court of Appeal of Louisiana. Orleans.
May 21, 1934.

Maurice R. Wollfe and George M. Brooks, both of New Orleans, for appellant.

Henry & Cooper and A. M. Suthon, all of New Orleans, for appellee.

WESTERFIELD, Judge.

Plaintiff alleges that on June 4, 1933, at about 2 o'clock a. m., while seated in the doorway of his residence No. 2806 Jackson avenue, an automobile driven by the defendant crashed into the steps on which he was seated and injured him. He claims $2,734 as damages. Defendant denied all responsibility for the alleged injury to plaintiff.

There was judgment below in favor of defendant dismissing plaintiff's suit, and he has appealed.

The only question presented for our determination is whether, as a matter of fact, the plaintiff was injured in the manner set forth in his petition. It is admitted that on the night of the alleged accident the defendant, while driving his automobile in the vicinity of plaintiff's residence, fell asleep at the wheel and ran into the front steps of plaintiff's home demolishing them, consequently there can be no question of the defendant's negligence.

The injury to plaintiff is alleged to have occurred at the time the automobile struck his front steps, 2 o'clock a. m., June 4, 1933, when, according to the plaintiff's testimony, he was seated in the doorway with his feet on the steps. He explained his presence on the steps as being due to his inability to sleep because of the hot weather which prevailed, and says that at the time the steps were struck by defendant's automobile, he also had fallen asleep or "dozed off"; that after he was injured he was carried to his bed by some neighbors and remained there until 5:30 in the afternoon, when he was taken to the hospital by a city wagon or ambulance which is maintained by the city of New Orleans for that purpose but which is not the regular ambulance of the Charity Hospital. According to his physician he was treated for about one month for bruises on his legs and back and internal injuries which caused him to urinate and expectorate blood. On the other hand, the report of the Charity Hospital, which was introduced in evidence, shows that he was suffering from a sacroiliac strain caused by a fall over a chair. Dr. Joseph T. Scott, on behalf of the insurance carrier of defendant, testified that he called at plaintiff's home two days after the accident and examined the plaintiff and found no external evidence of injury and no discoloration marks on his skin and no injury to his legs. He found his back strapped with adhesive tape in the sacroiliac region. Defendant, Jack M. Tinsley, testified that he remained at the scene of the accident awaiting the arrival of a garage employee, whom he had summoned by telephone, for a period of forty-five minutes without discovering that any one had been injured, and did not know until the next day that the plaintiff claimed to have been struck by his automobile when it hit the front steps of his home.

Under the circumstances we agree with the learned judge of the trial court in his conclusion that the plaintiff has failed to make out a case with legal certainty. It is inconceivable to us that he could have sustained the very serious injuries which he alleges without there being some external evidence present on his body two days after the accident when Dr. Joseph Scott examined him. The fact

that though the plaintiff claims to have been injured at 2 o'clock a. m., he deferred his visit to the hospital until 5 o'clock p. m. and that he was treated at the hospital for a sacroiliac strain which, according to the report of the hospital, was caused by a fall over a chair, is irreconcilable with the testimony of plaintiff's physician and sufficient to create a serious question concerning the alleged traumatic origin of his ailment. It certainly cannot be said that the evidence preponderates in plaintiff's favor and that the court, a qua, was manifestly in error in the determination of the question of fact involved.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.